## PAYNE v. THE DES MOINES & FORT DODGE R'Y CO.

CONTRACT: SPECIFIC PERFORMANCE: NO EVIDENCE OF PERFORMANCE ON PLAINTIFF'S PART.

*Appeal from Polk Circuit Court.*

WEDNESDAY, MARCH 9, 1887.

ACTION in chancery to enforce the specific performance of a contract to convey lands. After a trial upon the merits, plaintiff's petition was dismissed. He now appeals to this court.

*Baylies & Baylies,* for appellant.

*Kauffman & Guernsey,* for appellee.

BECK, J.—I. The contract which plaintiff seeks to specifically enforce is evidenced by the following correspondence, upon which plaintiff bases his right to recover:

"DES MOINES, IOWA, March 9, 1885.

"CHAS. E. WHITEHEAD, *Pres't D. M. & Ft. Dodge R. R. Co., 61 Wall St., N. Y.:*

"DEAR SIR:—I arrived home from New York last Friday. In regard to the lands I was talking to you about, I am on track of some in this county which, I think, if followed up, would inure to your company's benefit, and, if my memory serves me right, are not listed on the book you showed me in your office. You offered me a commission of twenty per cent of the value of any such lands I might cite you to. I thought then and think now that the offer was low, and again the difficulty might arise as to the value of the land; then as to the commission to be paid. I am satisfied that I can find some land, after the years' experience I have had in such matters as title, etc.

"You will please state your best terms, when payment is to be made for finding the land, either commission or per acre. Also give me a statement of the land you have on your book there, that I may not spend time over them. By the way you spoke, when you called on me in 1881, I expected a better offer than twenty per cent of value.

"I believe, in these matters, to have a fair and positive understanding at the start. Trusting to receive an early reply, I am, etc.,

"J. J. PAYNE."

"OFFICE PRESIDENT OF D. M. & FT. DODGE R. R. Co.,
"61 WALL ST., N. Y. CITY, March 12, 1885.

"J. J. PAYNE, Des Moines:

"DEAR SIR:—In reply to your favor of the 9th, I would say that our company will give you twenty-five per cent of any lands you may get certified to it in Polk county. If we do not agree on the value of the lands, it will convey to you that proportion of the land itself. I enclose a list of lands we have had in the county. Yours, etc.,

"CHAS. E. WHITEHEAD."

Plaintiff claims that he accepted the proposition found in the letter of defendant's president just quoted. It may, for the purposes of the case, be admitted that he did.

He then insists that, in compliance with the terms of the contract, he "did get certified" to defendant the lands involved in this action. In our opinion the evidence utterly fails to support plaintiff's claim of performance of the terms of the contract. We fail to find any evidence showing that through his labor, efforts and intelligence, the lands were certified to defendant, or that he rendered any service in the matter of any value whatever to defendant. The truth is that the lands were in process of certification before the correspondence was had between the parties, and very soon thereafter were certified. Plaintiff claims that he wrote a letter to the proper department at Washington upon the subject, and, at his request, the clerk of the secretary of state having land matters in charge wrote a like letter to the same department. But it does not appear that plaintiff's effort in that direction caused the certification of the land.

The correspondence clearly discloses the fact that the contract is applicable to lands as its subject, which were unknown to defendant, and could only be found through the superior skill and knowledge of plaintiff, and not to the lands in question, which must have been known to defendant, and which its officers and agents were using efforts to obtain.

The plaintiff's petition was rightly dismissed.

AFFIRMED.